## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA ANNETTE DEVIVO, | Case No. 25–cv–01558–ESK–MJS |
| Plaintiff, | |
| v. | |
| CITY OF SOMERS POINT, *et al.*, | ORDER |
| Defendants. | |

**THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff Lisa Annette Devivo (Plaintiff or Devivo) to proceed *in forma pauperis* (IFP) (ECF No. 4); and plaintiff having brought this action against defendants City of Somers Point, Lisa A. King, and Susan Sheppard; and the Court finding,

1.    Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

2.    Plaintiff's affidavit in support of the Application sufficiently establishes her inability to pay the Court's fees.

3.    The Court shall accordingly screen the action to determine whether the complaint (ECF No. 1 (Compl.)): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii). While pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines*

*v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4.    When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).    To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).    "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5.    A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests."    *Twombly*, 550 U.S. at 555.

6.    Moreover, "federal courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt" and courts can "raise subject matter jurisdiction concerns *sua sponte*."    *Lewis v. Citibank, N.A.*, 179 F.Supp.3d 458, 460 (E.D. Pa. 2016) (citation and quotation omitted).    "The *Rooker–Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court."    *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 305, 315 (3d Cir. 2014).    Such abstention applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."    *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

7.    Abstention is appropriate in this case.    First, on December 27, 2024, the plaintiff in the matter of *Christina Trust as Custodian GCRAN-Z, LLC v. Lisa Annette Devivo, et al.*, docket number SWC–F–004595–24 before the Superior Court of New Jersey, Chancery Division, Atlantic County (State Court), filed a motion for entry of an order setting time, place and amount for a

tax sales certificate.[1]   Devivo opposed the motion.   On January 10, 2025, Judge Susan Shepard granted the motion and entered an Order Setting Time Place and Amount of Redemption (State Court Order).   Accordingly, Devivo lost in State Court.   *See Great W. Mining & Mineral Co.*, 615 F.3d at 166. Second, in the complaint in this case, Plaintiff "complain[s] of injuries caused by the" State Court Order and seeks to "[d]ismiss [c]ase STW–F–004595–24[.]" (Compl. p. 8.)   Third, the State Court Order was entered before this case was initiated on February 25, 2025.   *See Great W. Mining & Mineral Co.*, 615 F.3d at 166.   And, fourth, Plaintiff asks the Court to dismiss the State Court Order. *See id*.   Therefore, abstention is appropriate and this Court lacks subject matter jurisdiction.

Accordingly,

**IT IS** on this   **24th** day of **March 2025**   **ORDERED** that:

1.     The Application (ECF No. 4) is **GRANTED.**

2.     The Complaint (ECF No. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

3.     The Clerk of the Court is directed to close this action and send a copy of this Order to plaintiff by regular mail.


      */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

---

[1] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (stating that "judicial proceedings constitute public records and that courts may take judicial notice of another court's opinions").